Myers, J.
 

 The question for* decision is whether candy and confectionery are food within the meaning of Section 12 of Article XII of the Constitution, reading as follows: “On and after November 11, 1936, no excise tax shall be levied or collected upon the sale or purchase -of food for human consumption off the premises where sold. ’ ’ That constitutional amendment was adopted November 3, 1936, and as appears, became effective eight days later.
 

 Thereafter the Legislature, for the purpose of administration of the Retail Sales Tax Act, amended
 
 *375
 
 Section 5546-2, General Code, defining the term “food.” Under that section candy and confectionery were definitely excluded as a food and a sales tax was levied thereon. It is the claim of the plaintiff that the statute, insofar as it defines candy and confectionery as not being food and subjects the same to a sales tax, is unconstitutional and in conflict with Section 12 of Article XII of the Constitution.
 

 The immediate question arose as follows: The plaintiff was a duly licensed vendor under the Retail Sales Tax Act and on December 30, 1937, refused to collect, as required by law, the tax upon a sale of chocolate peppermint candy amounting to twenty-five cents and refused otherwise to comply with the law in reference to such sale. Thereupon the Tax Commission of Ohio after a hearing duly had, revoked the plaintiff’s vendor’s license. Prom this order of the Tax Commission the plaintiff filed this action on appeal to the Court of Common Pleas. That court held that the provisions of the act, insofar as they levied a tax upon the sale of candy and confectionery, were unconstitutional and by reason thereof the revocation of the plaintiff’s license was illegal. Upon appeal to the Court of Appeals, that tribunal affirmed the action of the Court of Common Pleas. The cause is in this court for review by reason of an appeal as of right.
 

 This court will take judicial notice of the fact that candy and confectionery are food. Candy is a confection. The terms are somewhat synonymous. Webster’s New International Dictionary defines candy as “A food product made principally from cane or beet sugar boiled to the desired density, enriched or varied by the addition of fruits, nuts, chocolate, milk products, flavors, and colors, molded or worked into various. shapes or forms of a solid or semisolid consistency, and, often, variously coated.” Webster’s Dictionary also defines a confection as a prepared dish or dainty; a preparation of fruits or roots, etc., with
 
 *376
 

 sugar;
 
 a sweetmeat. Although there was considerable testimony of a scientific nature introduced by the plaintiff to prove that candy contains food elements essential to sustain life, we do not deem it necessary in the instant case to rest our decision upon that evidence. We are in accord with what was stated in
 
 State
 
 v.
 
 Nelson,
 
 52 Ohio St., 88, 102, 39 N. E., 22, 26 L. R. A., 317:
 
 “A
 
 court cannot take testimony to determine the operation of a statute, and thereby declare it unconstitutional.” The definition of candy in Webster’s Dictionary, as hereinbefore quoted, is common knowledge of which this court will take judicial notice. It is also common knowledge that candies in a condensed form are frequently relied upon by travelers undertaking long and arduous journeys. That candy is also a luxury does not disprove the fact that it is a food. It is contended that when eaten in excess candy is not conducive to health. There are many different kinds of food that are luxuries' and which, if eaten exclusively or in excess, may not be conducive to health. We do not deem it necessary to dwell further upon this phase of the subject. We hold that candy and confectionery, as used in the statute, come within the meaning of “food” as used in the constitutional amendment adopted in November, 1936. Section 5546-2, General Code, insofar as it levies a sales tax upon candy and confectionery, is in conflict with Section 12 of Article XII of the Constitution of Ohio and is therefore to that extent invalid.
 

 It is contended by the .Tax Commission that the plaintiff was not in a position to question the validity of the statute. It is contended that in reality he was an officer of the law, charged with the duty of collecting certain taxes on behalf of the state, and, as such, could not question the validity of the statute requiring him to perform such duties. In the instant case, however, the refusal of the plaintiff to collect the sales tax was not based upon any assumption that the Legisla
 
 *377
 
 ture had exceeded its constitutional limitations in providing a method or system of collecting the tax, but his refusal was based directly upon his contention that candy was a food within the meaning of the constitutional amendment. The judgment of the Court of Appeals was correct and will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Williams and Hart, JJ., concur.