BEATRICE FOODS CO., D. B. A. MEADOW GOLD DAIRIES, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

[Cite as Beatrice Foods Co. v. Porterfield (1972), 33 Ohio App. 2d 83.]

(No. 11427—Decided July 10, 1972.)

*Messrs. Hirschtritt & Hirschtritt, Messrs George, Greek, King, McMahon & McConnaughey* and *Mr. Kiehner Johnson,* for appellant.

*Mr. William J. Brown* and *Mr. Dwight C. Pettay, Jr.,* for appellee.

SHANNON, J. This is an appeal from an order of the Board of Tax Appeals in the Department of Taxation of the state of Ohio.

The order from which this appeal is taken affirms, substantially, the assessment of a sales tax upon various fruit drinks sold by appellant's route salesmen to residential customers. It appears that the drinks are of several kinds. The board excepted orange juice from the sales tax assessed by the tax commissioner, but affirmed the commissioner's determination that the orange drink and various other fruit drinks sold by appellant do not constitute products properly classified as food products, the sale of which would be exempted from the Ohio sales tax.

The transcript of the testimony and exhibits of the

hearing conducted by the board establishes the composition, method of processing and nutritive value of each of the fruit drinks assessed.

Orange juice is purchased already prepared for sale and, whether purchased as a prepared drink or processed by the dairy, it consists of a frozen orange juice concentrate diluted with water. Thus, it is for all practical purposes identical with juice produced by reaming an orange.

To produce orange flavored drinks, the orange juice concentrate is used in combination with other ingredients, such as orange peel oil, citric acid, the pulp sacs of the orange, various gums, coloring agents and sugar.

The other fruit drinks involved are prepared by using as a base a particular fruit concentrate, water, sugar and, in some instances, certain additives. The grape drink contains a synthetic grape flavor (methyl anthranilate), citric acid and artificial coloring. The raspberry drink contains concentrated apple juice, citric acid, coloring and synthetic raspberry flavor. Fruit punch is produced by combining fruit concentrates, imitation flavors, citric acids and gums.

Evidence was adduced upon the hearing to demonstrate the comparative nutritive values of the several drinks, and their vitamin, mineral and caloric contents.

Appellant asserts three propositions of law, which we consider to be its assignments of error, to support its contention that the drinks processed and sold are food and not subject to the levy of sales tax as provided by R. C. 5739.02 (B)(2).

The first proposition of law advanced by appellant is undoubtedly correct. Section 12, Article XII of the Constitution of Ohio, does confer an exemption from excise taxes upon all food sold for human consumption off the premises in unmistakable terms:

"On and after November 11, 1936, no excise tax shall be levied or collected upon the sale or purchase of food for human consumption off the premises where sold."

Accordingly, R. C. 5739.02 provides:

"(B) The tax does not apply to the following: * * *

(2) Sales of food for human consumption off the premises where sold * * *.''

Further, R. C. 5739.02 (B)(2) provides:

''As used in this section 'food' includes * * * fruits, fruit products and *pure* fruit juices * * *. [Emphasis ours.]

''As used in this section 'food' does not include: spirituous or malt liquors; soft drinks; sodas and beverages which are ordinarily dispensed at bars and soda fountains or in connection therewith other than coffee, tea, and cocoa * * *.''

Parenthetically, we note that appellant does not cite authority or give argument to support the isolated remark in its reply brief that: ''It might well be concluded that these fruit drinks are within the purview of the phrase 'fruit products' which are exempted from the tax by the statute.'' Rather, it urges that the term ''food'' as used in Section 12, Article XII of the Ohio Constitution includes all food and drink which by reason of its nutritive value, serves the body in growth, work, or maintenance of vital processes and that the statute must be construed in harmony therewith.

This brings us to the consideration of the second and third propositions of law espoused by appellant. The second is that the legislature may not levy a tax upon food in conflict with the Constitution or by statutory definition restrict or limit the constitutional exemption. The third is that the drinks have nutritive content needed to sustain life, thus constituting food within the purview of the Constitution, and are not subject to the sales tax.

In deciding *Andrews* v. *Tax Commission of Ohio*, 135 Ohio St. 374, the Supreme Court was confronted with a problem analogous, at least, to that in the case at bar. The question in *Andrews, supra,* was whether the legislature in amending G. C. 5546-2 to exclude candy and confectionery as a food contravened Section 12, Article XII of the Constitution. The court took ''judicial notice of the fact that candy and confectionery are food'' and decided as follows:

''Candy and confectionery are food within the purview of Section 12 of Article XII of the Constitution.

"Section 5546-2, General Code, insofar as it levies a tax upon the sale of candy and confectionery, is in conflict with Section 12 of Article XII of the Constitution and is therefore to that extent unconstitutional." Paragraphs 1 and 2 of the syllabus.

However, it is significant to us that in deciding *Anddrews, supra,* the court observed at page 376 of the decision:

"Although there was considerable testimony of a scientific nature introduced by the plantiff to prove that candy contains food elements essential to sustain life, we do not deem it necessary * * * to rest our decision upon that evidence."

Additionally, the court, in *Andrews, supra,* did not strike down the code section because the legislature had no power to define the term "food," as appellant would have us do here.

If "food" were given the meaning appellant ascribes to it, this court would be assuming what we believe to be a legislative function. We have concluded that the General Assembly can define terms applicable to the collection of the sales tax and that the definition of "food" set forth in R. C. 5739.02 (B) (2) does not conflict with Section 12, Article XII of the Constitution of Ohio.

It is clear to us that the drinks sold by appellant which have been assessed are not pure fruit juices. They are adulterated with substances not present in the pure juice of the fruit in each given instance. Therefore, such drinks are not "food" as defined by statute and are not exempt from taxation.

We find that the propositions of law advanced by appellant, considered by us as assignments of error, are not well taken for the reasons set forth herein and that the order of assessment of the Board of Tax Appeals in the Department of Taxation of the state of Ohio must be affirmed.

*Order affirmed.*

Hess, P. J., and Young, J., concur.