OSWGI, L.P., Appellee,

v.

CITY OF NORTH ROYALTON BOARD OF ZONING APPEALS, Appellant.

[Cite as *OSWGI, L.P. v. N. Royalton Bd. of Zoning Appeals* (1996), 113 Ohio App.3d 268.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69849.

Decided Aug. 5, 1996.

*Benesch, Friedlander & Aronoff* and *Edward Kancler,* for appellee.

*Thomas F. Greve,* North Royalton Assistant Prosecutor, for appellant.

*Per Curiam.*

An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusionary decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

In the appeal before us, defendant-appellant city of North Royalton Board of Zoning Appeals appeals from the trial court's decision of October 19, 1995, granting plaintiff-appellee OSWGI, an Ohio limited partnership ("OSWGI"), a use variance to provide a driveway access to a radio broadcasting facility on approximately fifty acres of landlocked property owned by OSWGI. For the reasons adduced below, we affirm the trial court's judgment.

The parcel in question has a fifty-foot-wide section of western frontage on Ridge Road in the city of North Royalton, and this frontage, upon which a driveway is constructed,[1] is the only access to the parcel. The single parcel is divided into two sections for zoning purposes. The frontage along Ridge Road, to a depth of approximately two hundred seventy-three feet on the northern boundary line and approximately two hundred eighty feet on the southern boundary line, is zoned for single-family residential use. The remainder of the property, in the eastern part of the parcel and where the broadcasting facility is primarily located, is zoned for general business use. The area zoned for general business use is currently used for a radio transmitter building and five radio towers, as it has been for forty years, presently for stations WRMR–AM and WDOK–FM. To the north and south, and across the street on Ridge Road to the west, adjacent property is zoned for general business. In the vicinity, south are numerous businesses and southwest is the city hall complex. The area to the east of the property is likewise not zoned for single-family use.

Prior to 1994, the parties had operated under the belief that the entire parcel, including the fifty-foot frontage on Ridge Road, was zoned for general business

---

1. This driveway has been in use on that parcel for at least forty years.

use. In 1994, it was discovered that the city's zoning map contained an error from the time it was adopted in 1971–1972: someone from the North Royalton had mistakenly drawn a line through the single parcel, separating the parcel into the two different zoning uses. This line caused the Ridge Road frontage to be, in fact, zoned for single-family use. Strict application of the city's zoning code would currently prohibit the present Ridge Road access to the radio transmission facility on the general business area of the parcel. See North Royalton Codified Ordinances 1270.02 and 1270.22.

To remedy this problem, OSWGI initially sought a ballot referendum to change the zoning use of the Ridge Road frontage to general business: this referendum ultimately lost at the polls by two votes. OSWGI next sought an access use variance from the board of zoning appeals for the single-family residential-use portion of the parcel to allow the driveway on Ridge Road to be used for access to the eastern portion of the parcel (which is zoned for general business use).

Following public hearing and the taking of evidence and statements from citizens, the board of zoning appeals unanimously granted the requested use variance for the single-family residential-use portion of the parcel and attached the limiting condition[2] that access was granted for the existing purposes (broadcast facility use) only. This limiting condition affecting the general-business-use portion of the parcel was prompted by concerns by some citizens and elected officials of future development and use of that portion of the parcel, even though the record contains no plans by OSWGI to alter the present use of the general-business-use section of the parcel from a broadcasting facility. At the board of zoning appeals hearing, OSWGI objected to this limiting condition, which in effect rezoned the general-business-use portion of the parcel to radio broadcasting use only, but to no avail. Thereafter, OSWGI, believing this limiting condition to the variance to be improper, appealed to the common pleas court.

The common pleas court issued its findings of fact and conclusions of law on October 19, 1995, granting the requested use variance without the condition previously attached by the board of zoning appeals, thereby allowing access to the commercial property on the parcel without restriction as to the use of the general-business-use portion of the parcel (presumably so long as the use is allowed under the general-business-use section of the zoning code), using the driveway on Ridge Road. See North Royalton Codified Ordinances 1276.04 for those numerous uses permitted for general business districts.

The board appealed from this final order, arguing the following assignment of error:

---

2. OSWGI, in its application for a variance, did not request any limiting condition with the variance.

"The decision of the Cuyahoga County Court of Common Pleas on administrative appeal from the decision of appellant, the city of North Royalton, Ohio, Board of Zoning Appeals, granting appellee, OSWGI, an unconditional access variance was not supported by a preponderance of reliable, probative and substantial evidence."

The standard of review to be applied in this appeal is the following:

"The role of the court of common pleas in an appeal from a decision of an administrative agency is limited to determining whether the agency's decision is supported by a preponderance of substantial, reliable, and probative evidence. R.C. 2506.04; *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34 [12 OBR 26, 29–30, 465 N.E.2d 848, 851–852]. In reviewing the decision of the court of common pleas, a court of appeals must determine whether the trial court abused its discretion. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705 [590 N.E.2d 1240]. An abuse of discretion 'implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' *Id.* at 707 [590 N.E.2d at 1241], quoting *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster* (1986), 22 Ohio St.3d 191, 193 [22 OBR 275, 277–278, 489 N.E.2d 288, 290]." *Malton v. Pierce Twp. Bd. of Zoning Appeals* (Apr. 11, 1994), Clermont App. No. CA93–09–069, unreported, 1994 WL 123794.

North Royalton Codified Ordinances 1264.08, which provides the permitted reasons for granting a variance, provides:

"(a) The Board of Zoning Appeals shall have the power, in specific cases, to vary the application of certain provisions of this Zoning Code, in order that the public health, safety, morals and general welfare may be safeguarded and substantial justice done, for the following reasons:

"(1) Where the literal application of the provisions of this Zoning Code would result in *unnecessary hardships peculiar to the property involved and not based on conditions created by the owner.* (A theoretical loss or limiting possibilities of economic advantage are general hardships, not unnecessary hardships.);

"(2) Where *other exceptional circumstances or conditions* (such as topographical or geological conditions, or type of adjoining development) are applicable *only to the property involved or to the intended use of the property and do not apply to other property within the same zone unless the same exceptional circumstances prevail;*

"(3) Where granting a variance *will not be materially detrimental to the public welfare or injurious to the property or improvements in the neighborhood in which the property is located;* and

"(4) Where the granting of a variance *will not be contrary to the general purpose, intent and objectives of this Zoning Code and the Master Plan* of the City of North Royalton.

"(b) When appealing for a variance or modification, the appellant shall state and substantiate his or her claim that each of the four conditions listed above exists, and the Board shall make a finding on each of the four conditions as they apply in each specific case as a prerequisite for the granting of the variance or modification." (Emphasis added.)

OSWGI complied with the standards for the granting of a variance for the single-family, residential-use portion of the parcel. Specifically, the physical dimensions of the driveway access area on the western frontage of the parcel precludes the development of that portion of the parcel for single-family housing under the city's zoning code. See North Royalton Codified Ordinances 1270.05 and 1270.19. In the event that a single-family home were allowed to be built on the space occupied by the driveway access, there would not be enough space remaining at that access point to provide for a driveway to the business-use area of the parcel. *Id.* Additionally, under the present single-family-use zoning classification for the driveway access, the present driveway cannot be utilized for access to the general-business-use portion on the eastern section of the parcel. See North Royalton Codified Ordinances 1270.22. Thus, OSWGI has demonstrated compliance with North Royalton Codified Ordinances 1264.08(a)(1) and (2). Furthermore, the parcel has been used for the existing use (broadcasting purposes) for an extended period of time and there is no indication in the record that this purpose would change in the future. Thus, the continued use of the parcel for its present purpose by virtue of the unconditional variance demonstrates compliance with North Royalton Codified Ordinances 1264.08(a)(3) and (4).

The board, after admitting that OSWGI "met the requirements contained in Section 1264.08 for the granting of a variance to allow access to the broadcast facility," argues that OSWGI was required to meet these same requirements "with regard to the use of the radio tower parcel for any other purpose." This argument in support of the limiting condition attached to the granted variance is mistaken and without merit. First, it must be emphasized that the requested variance was for only the single-family-use portion of the parcel, *not* the general-business-use portion, which would be affected by the application of the limiting condition. Therefore, OSWGI did not have to meet the requirements of Section 1264.08 for the general-business-use portion of the parcel where no variance was requested for that section. Second, the limiting condition abrogated the property right of OSWGI to use the general-business-use portion of the parcel for any lawful general business use other than that for existing broadcasting purposes.

This action in conjunction with the granting of the variance, which changes the character and use of the general-business-use zoning district in question by disallowing all lawful uses on it but one, exceeds the authority of the board of zoning appeals in granting a variance (particularly where a variance in the use of the general-business portion of the parcel was not requested of the board by OSWGI). *Consol. Mgmt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 240, 6 OBR 307, 309, 452 N.E.2d 1287, 1289–1290, citing *Schomaeker v. First Natl. Bank of Ottawa* (1981), 66 Ohio St.2d 304, 309, 20 O.O.3d 285, 288, 421 N.E.2d 530, 535; *Fox v. Johnson* (1971), 28 Ohio App.2d 175, 57 O.O.2d 234, 275 N.E.2d 637; and 8 McQuillin, Municipal Corporations (3 Ed.1976) 476, Section 25.160.

In summary, we conclude that the trial court did not abuse its discretion in vacating the limiting condition attached to the granted variance by the board of zoning appeals. The assignment of error is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and MATIA, J., concur.

KARPINSKI, J., dissents.

KARPINSKI, Judge, dissenting.

I respectfully dissent. The common pleas court improperly substituted its judgment for that of the board of zoning appeals by granting OSWGI an unconditional use variance in this case.

As noted by the majority, OSWGI made longstanding use of the road at the center of this dispute for access to its radio towers. This use became nonconforming after passage of zoning ordinances that limited use of the road to residential purposes. Following defeat of a zoning amendment by the electorate, the board granted OSWGI a conditional variance to permit its existing nonconforming use of the road for access to the radio towers.

This conditional variance permitted OSWGI to use the entire road and parcel of land according to its established use as it always had. OSWGI wants to accept the variance, but complains that the accompanying condition, limiting its use of the access road for existing radio tower purposes, interferes with the use of its land. However, this argument, as well as the majority opinion, ignores the fact that the limitation arose because the road is a nonconforming use. Nonconforming uses are disfavored by the law, and OSWGI has no right to the unrestricted use of the road for other purposes. See *Beck v. Springfield Twp. Bd. of Zoning Appeals* (1993), 88 Ohio App.3d 443, 446–447, 624 N.E.2d 286, 287–288.

It is well established that decisions of boards concerning use variances are presumed valid and should not be disturbed when supported by the evidence.

*Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 263–264, 31 OBR 463, 465–466, 510 N.E.2d 373, 376–378; *Consol. Mgmt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 240, 6 OBR 307, 309, 452 N.E.2d 1287, 1289–1290. As noted in *Beck*, zoning authorities are required to permit an existing uninterrupted use of real property to continue after changes in zoning ordinances that no longer permit the use. However, the ordinances have prospective effect and may impose limitations on the future use, modification, change, expansion or extension of such nonconforming uses. *Id.*; see, also, R.C. 713.15, 303.19, and 519.19.

Consistent with these principles, the board of zoning appeals granted OSWGI the minimum variance necessary to relieve the hardship proven by OSWGI in this case. OSWGI was permitted to use the road for access to its existing radio towers. The record unambiguously shows that OSWGI did not present any evidence to satisfy its burden of proving that it was entitled to a variance for any general business use of the road other than this specific purpose. Determinations concerning variances involve specific proposed uses of property and cannot be made without supporting evidence.

Finally, the trial court's expansion of the permissible uses of the road beyond the condition imposed on the variance ignores safety concerns considered by the board. The trial court's opinion refers only to attendant traffic congestion. However, the opinion ignores general background testimony concerning the proximity of the road to a grade school and concerns about smoke and fumes by adjacent residential neighbors. Any expansion in the use of the road increases these hazards, no matter how slight. The board's decision was supported by the evidence and can be reversed only by ignoring this uncontradicted evidence.

Because the majority fails to address these issues, I respectfully dissent.