Appellant the City of Cleveland Board of Zoning Appeals ("the Board"), appeals the trial court's reversal of the Board's denial of a variance to appellee Evelyn E. Kinsey. Kinsey sought an area variance permitting her to construct a building impeding onto the setback line as regulated by C.C.O. 357.14. The Board assigns the following two errors for our review:
 I. THE TRIAL COURT ERRED IN REVERSING THE REASONABLE DECISIONS OF THE BOARD OF ZONING APPEALS AND THE COMMISSION OF BUILDING AND HOUSING.
 II. THE TRIAL COURT ERRED IN ORDERING THE GRANT OF A VARIANCE WHERE THE APPELLEE FAILED TO MEET THE REQUIREMENTS OF THE CLEVELAND CODIFIED ORDINANCES AND THE OHIO SUPREME COURT.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
Kinsey wanted to construct a 30 foot by 30 foot building on her property located at 4492 State Road, Cleveland, Ohio. Once completed, the building would house a tavern. Kinsey submitted an application for a permit to build to the Division of Building and Housing. Her application was denied because the proposed structure impeded on the area setback limitation. This violated Cleveland Codified Ordinance § 357.14. Her building plans provided for a six foot setback. The ordinance requires a seventeen foot setback.
Kinsey appealed the decision to the Cleveland Board of Zoning Appeals. The Board denied her appeal. In its denial, it made the following finding of facts:
 1. The evidence establishes that the property was located in a General Retail District from 1929 to 1991; that the building formerly on the lot was razed earlier this year.
 2. No exceptional local condition exists in this vicinity to justify the Board in making the exception requested.
 3. Granting the appeal would be detrimental to the general welfare of the neighbors and to the value of their properties and would be contrary to the intent and purpose of the zoning ordinances.
 4. In being refused this appeal the owner will not suffer an unreasonable hardship since he is not denied any use of property not also denied other owners in that district similarly situated.
Kinsey appealed the denial to the Cuyahoga County Common Pleas Court. The Court reversed the Board's decision finding the Board did not properly apply the law to the facts in the case; therefore, its decision was not based on substantial, reliable, and probative evidence.
In its first assignment of error, the Board argues the trial court erred in reversing the decisions of the Board and the Commissioner of Building and Housing. It submits that these denials were reasonable. In its second assignment, it argues Kinsey's plans did not meet the requirements of the Cleveland Codified Ordinances and relevant case law. Both of these assignments demand a review of the same legal issues. Therefore, the same analysis applies.
R.C. § 2506.04 requires a Common Pleas Court to uphold the decision of an administrative Board if it is based on "substantial, reliable, and probative evidence on the whole record." Kisil v. City of Sandusky (1984), 12 Ohio St.3d 30, 34. This court's review of the trial court's decision is described inOSWGI L.P. v. North Royalton Board of Zoning Appeals (1996),113 Ohio App.3d 268. "In reviewing the decision of the court of common pleas, a court of appeals must determine whether the trial court abused its discretion." Id. at 271, quoting RossfordExempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.
(1992), 63 Ohio St.3d 705. "It would be an abuse of discretion if the trial court had ignored competent, credible evidence in BOZA's administrative record." Raceway Video and Bookshop, Inc.v. Cleveland Bd. of Zoning Appeals (1997), 118 Ohio App.3d 264,269. Upon reviewing the trial court's opinion, in light of the record presented, this court finds there was no abuse of discretion.
The lower court characterized the issue posed in this case as "the proper application and enforcement of an area variance." (Trial court's Journal Entry of February 20, 1998 at 4-5.) The relevant ordinance is § 329.03 of the Cleveland Codified Ordinances. This ordinance permits the Board to grant a variance when:
 a. Where there is a practical difficulty or unnecessary hardship in the way of carrying out the strict letter of the provisions of this Zoning Code, the Board of Zoning Appeals shall have the power, in a specific case, to vary or modify the application of any such provision in harmony with the general purpose and intent of this Zoning Code so that public health, safety, morals and general welfare may be safeguarded with substantial justice done;
 b. Such variance shall be limited to specific cases where:
 1. The practical difficulty or unnecessary hardship inheres in and is peculiar to the premises sought to be built upon or used because of physical size, shape or the characteristics of the premises or adjoining premises which differentiate it from other premises in the same district and create a difficulty or hardship caused by a strict application of the provision of this Zoning Code not generally shared by other land or buildings in the same district.
 2. Refusal of the variance appealed for will deprive the owner of substantial property rights; and,
 3. Granting of the variance appealed for will not be contrary to the purpose and intent of the provisions of the Zoning Code.
 c. When appealing for a variance, the applicant shall state and substantiate his claim that the three conditions listed under division (b) of this section exist, and the Board shall make a finding on each of the three conditions as they apply in each specific case as a prerequisite for the granting of the variance.
C.C.O. § 329.04(c) limits the Board's ability to grant a variance on a setback line:
 The Board shall have no power to authorize as a variance the location of any building or other structure nearer the street line than a required setback building line unless the depth or width of the lot on which such building or other structure is to be erected * * * is sufficiently less than the depth or width of the other lots in the same block as to create a hardship not shared by other lots subject to the same setback building line, or unless there exists a building extending beyond such required setback building line on the same side of the same block within 150 feet from either side lot line of the lot in question.
The standard to be applied when reviewing a request for a variance "which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use." Kisil, supra, at 35. "An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties." Id. at paragraph one of syllabus. Area zoning requirements include setback limitations. Duncan v. Village of Middlefield (1986), 23 Ohio St.3d 83,86. The Ohio Supreme Court in Duncan explained the practical difficulties test stating "the key to this standard is whether the area zoning requirement, as applied to the property owner in question, is reasonable." Id. The court presented the following factors "to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property.":
 1. Will the property provide a reasonable return or if there can be any beneficial use of the property without the variance?
2. Is the variance substantial?
 3. Will the essential character of the surrounding properties suffer a substantial detriment as a result of the variance?
 4. Will the variance adversely affect the delivery of governmental services?
 5. Did the property owner buy the property knowing that the restrictions on the property existed?
 6. Can the owner's problems be eliminated without a variance?
 7. Would granting the variance uphold the spirit and intent of the ordinance; would it serve justice to grant the ordinance?
Duncan at 86. The court found that the Board failed to apply the factors listed above to Kinsey's application. The court also found that the court was not able to refute the applicant's contentions that she met the three conditions imposed by C.C.O. § 329.03(b). We agree.
Under Duncan, the first factor to consider is if it is possible to put the property to beneficial use or if it will provide a reasonable return without the variance. The trial court noted that Kinsey's architect, Joseph Tamulewicz, testified that it would be difficult to meet the 17 foot setback requirement. The building proposed to be constructed was 30 ft. by 30 ft. He testified that this building impeded less than any other of the plans they reviewed. The City did not present evidence proving a commercially viable business could be run from a building on the location which did not violate the setback.
The area is zoned as local retail. Previously there had been a gas station and a shoe repair shop on the site. The shoe repair shop was the most recent business at the location. The building that housed the repair shop was 18 ft. by 14 ft. It was razed in order to build the new structure. Alternatives to Kinsey's plan, which would offer her a reasonable economic return, were not presented. The Board denied the variance finding that the proposed building would set a precedent for the size of buildings in that area. It also concluded that denial would not deprive Kinsey of a "substantial property right." The court ruled that the Board based its decision on impermissible grounds. It stated:
 It was improper for the Board to consider the comparative size of the proposed building relative to the 1947 shoe repair building in deciding to deny the area variance. Nothing in the Codified Ordinances or existing case law presented to this court on appeal indicates that such a factor is appropriate for consideration in determining the appropriateness of approving an area variance.
[Trial court's journal entry of February 20, 1998 at 12.]
The court ruled that the other factors to be considered underDuncan were also not properly reviewed by the Board. As to whether or not the variance was substantial, the court noted that the Board improperly considered the size of the previous building. It further observed that evidence had not been submitted showing that a building housing an authorized use could be built without violating the setback.
Further, Kinsey provided evidence that two other properties in the area violated the setback more than her proposed building. She also demonstrated that her parcel was narrower than the surrounding parcels. This made maintaining the setback difficult. The testimony of her architect was that their plan encroached less than any of the other plans they considered.
The court also found the Board did not appropriately consider if Kinsey's proposal would change the character of the neighborhood. Councilman Patrick O'Malley testified that there had been problems in the area related to another tavern across the street from the proposed site. He also testified he witnessed drug transactions and sexual encounters being carried out in the parking lot. The court found that this testimony related to the use of the property and not the setback limitations. Operating a tavern falls within the permitted use restrictions for the area. The court found the surrounding properties "do not suffer detriment from granting a variance which permits the building of a structure intended for a use which is authorized." (Trial court's journal entry of February 20, 1998 at 15.)
The court did find that Councilman O'Malley's testimony was relevant to the consideration of whether or not the variance would adversely affect the delivery of governmental services. However, it noted that this consideration under Duncan was to be given less consideration when the application is related to an area variance than when it is for a use variance.
The court determined that the setback limitations were not apparent to the property owner at the time she purchased the property. The fact that she purchased the property in 1968 did not conclusively show she had the requisite knowledge. The court considered that merely looking at the placement of the previous structure alone would not have made her aware of the limitations. It further found that nothing in the record showed that she was aware of the requirements.
In reviewing the next factor, if the owner has feasible alternatives to the variance, the court noted that the Board only considered the size of the previous building. It did not show viable alternatives existed. Kinsey demonstrated that other options were considered and the one chosen violated the regulation the least. The court concluded that "it was unreasonable for the Board to conclude that other methods existed by which appellant could utilize the parcel for an authorized purpose without the need for a variance." (Trial court's journal entry of February 20, 1998 at 17.)
In considering if the variance would permit the intent of the zoning ordinance to be observed and perform substantial justice, the court stated:
 The Board's decision was not supported by the probative evidence presented at the hearing. The area in question is zoned local retail. Other commercial establishments on the same block previously had been granted area variances, as well as use variances, to conduct business on the same block. Those variances, in fact, caused greater encroachments into the same setback line involved in this appeal.
Finally, the court found that Kinsey had presented "substantial, reliable, and probative evidence" that it met the ordinance's requirements to be granted a variance. It, therefore, concluded that the Board's denial of the variance was unreasonable and "not supported by a preponderance of the substantial, reliable, and probative evidence of record." Before reaching this conclusion, as has been shown, the trial court carefully reviewed each element of the Duncan test for practical difficulties. The Hebeler court noted that, while considerations regarding safety, noise, nuisance, increased traffic, and light were important, applying the Duncan test is a threshold requirement when considering the denial of a variance. Hebeler v.Colerain Tp. Bd. Of Zoning Appeals (1997), 116 Ohio App.3d 182,187, citing Duncan at 86, citing accord with Coventry Twp. Bd. ofZoning Appeals v. Barensfeld (August 12, 1992), Summit App. No. 15191, unreported and Barensfeld v. Coventry Twp. Bd. of ZoningAppeals (January 17, 1996), Summit App. No. 17308, unreported. In the case sub judice, the court reasonably concluded, after applying the Duncan test, that the evidence showed Kinsey needed the variance in order to make beneficial use of her property. Further, it found the Board failed to apply the Duncan test and based its decision on inappropriate considerations. The trial court's reversal of the Board's denial of the variance is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and JOHN T. PATTON, J. CONCUR.
 ___________________________________ PATRICIA ANN BLACKON JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).