Defendants-appellants City of Cleveland and the Board of Zoning Appeals for the City of Cleveland (collectively "the City") denied the application of plaintiffs-appellees 1476 Davenport Ave. Limited Partnership and 1476 Davenport, Inc. (collectively "1476 Davenport") for a permit to build a hotel. The Cuyahoga County Court of Common Pleas reversed the Board of Zoning Appeal's decision and, therefrom, the City has filed the instant appeal. The City has assigned the following error for our review:
 THE COURT BELOW ERRED IN HOLDING THAT THE DECISION OF THE BOARD OF ZONING APPEALS WAS ARBITRARY, CAPRICIOUS AND ILLEGAL.
Finding the City's assignment of error to lack merit, the judgment of the trial court is affirmed.
 I.
On January 14, 1997, 1476 Davenport filed an application with the City for a permit to build a five-story, 100-room hotel building. 1476 Davenport proposed erecting the 48- by 165-foot building at 1511 Lakeside Avenue in Cleveland, Ohio, a 348- by 231-foot corner parcel located in a "Semi-Industry District" of the City. According to the proposal, the hotel building would be built approximately 183 feet from the parcel's northern border with an adjoining "General Industry District."
On March 7, 1997, the City's Commissioner of Building and Housing ("the Building Commissioner") issued notice of its denial of 1476 Davenport's application. The Building Commissioner found that the proposed hotel would be a "multiple dwelling" and, therefore, the hotel would violate Cleveland Codified Ordinance ("C.C.O.") 345.03(b), which prohibits multiple dwellings in Semi-Industry Districts from being "within 200 feet of the boundary line of an adjoining General or Unrestricted Industry District."
On or about March 26, 1997, 1476 Davenport filed an appeal from the decision of the Building Commissioner to the Cleveland Board of Zoning Appeals. On July 28, 1997, the Board of Zoning Appeals conducted a public hearing on 1476 Davenport's appeal. In a resolution dated August 4, 1997, the Board refused the appeal; the Board's decision stated in part:
 1. The evidence establishes that the decision of the Commissioner of the Division of Building and Housing to deny the issuance of the building permit based on Cleveland Codified Ordinance Section 345.03(b), which prohibits multiple dwellings within 200' of a General Industry District, was not arbitrary and/or capricious.
On August 21, 1997, 1476 Davenport filed an appeal in the Cuyahoga County Court of Common Pleas from the decision of the Board of Zoning Appeals. In a journal entry filed on June 5, 1998, the trial court stated:
 It is the finding of this Court that the decision of the Board of Zoning Appeals for the City of Cleveland is contrary to the applicable law of existing zoning classifications. Characterizing "hotels" as "multiple" dwellings is a misapplication of the zoning code. This Court further finds that the decision of the Board of Zoning Appeals for the City of Cleveland was arbitrary, capricious and illegal. Case is remanded back to the Board of Zoning Appeals for an order consistent with the findings of the Court. Final.
The City filed a timely notice of appeal from, the judgment of the trial court on July 1, 1998.
 II.
In its sole assignment of error, the City claims that the trial court erred in reversing the decision of the Board of Zoning Appeals.
Pursuant to R.C. 2506.04, a court of common pleas should not substitute its judgment for that of an administrative board, such as the board of zoning appeals, unless the court finds that the administrative decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." In reviewing the decision of the trial court, an appellate court must determine whether the trial court abused its discretion. OSWGI, L.P. v. N. Royalton Bd. of Zoning Appeals
(1996), 113 Ohio App.3d 268, 271. The term "abuse of discretion" connotes more than just an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. See Raceway Video and Bookshop, Inc. v. ClevelandBd. of Zoning Appeals (1997), 118 Ohio App.3d 264, 269.
In the instant case, the Board of Zoning Appeals based the denial of 1476 Davenport's application for a permit upon C.C.O. 345.03(b). C.C.O. 345.03 governs zoning issues in Semi-Industry Districts; C.C.O. 345.03(b) prohibits the erection of a multiple dwelling "within 200 feet of the boundary line of an adjoining General or Unrestricted Industry District." The Board found that the proposed hotel would be a "multiple dwelling" and, because the hotel would be situated approximately 183 feet from the parcel's northern border with an adjoining General Industry District, 1476 Davenport's permit was denied.
The trial court found the Board's decision to be contrary to the City's zoning ordinances and classifications; in particular, the court found that the Board erred in characterizing the proposed hotel as a "multiple dwelling."
Zoning regulations deprive property owners of certain uses of their property and are in derogation of common law; therefore, zoning regulations must be strictly construed against the restriction of the use of such property and in favor of permitting the use proposed by the owner. Jones v. Chagrin Falls
(1997), 116 Ohio App.3d 249, 253. "[T]he scope of [zoning] restrictions cannot be extended to include limitations not clearly prescribed." Saunders v. Clark Cty. Zoning Dept. (1981),66 Ohio St.2d 259, 261.
C.C.O. 325.49, which defines the term "multiple dwelling", states:
 "Multiple dwelling" means a building other than a dwelling house, row house or institution occupied in whole or part as a residence. It includes apartment houses, rooming houses and other buildings classified as Class A or Class B multiple dwellings. (Emphasis added.)
As a threshold requirement under C.C.O. 325.49, a multiple dwelling must be "occupied * * * as a residence." Pursuant to C.C.O. 325.35: "`Hotel' means a building or part thereof operated as a public inn and containing ten or more guest rooms for hire. Under the City's zoning ordinance, a hotel is not considered a "residence"; instead, hotels are expressly classified as a general retail business use. C.C.O. 343.11(b)(2)(Q)(3). We find, as a matter of law, that a "hotel" is not a "residence" and, therefore, not a "multiple dwelling" under the City's zoning ordinances.
Moreover, "hotels" are not listed as a "Multiple Dwelling, Class A" in C.C.O. 325.50 or a "Multiple Dwelling, Class B" in C.C.O. 325.51. The City notes that the lists in these ordinances are inclusive, not exclusive. Notwithstanding, "hotels" could easily have been included in C.C.O. 325.50 or C.C.O. 325.51 but, because they were not, the doctrine of expressio unius estexclusio alterius applies.[1] Cf. State ex rel. Celebrezze v.Natl. Lime Stone Co. (1994), 68 Ohio St.3d 377, 382.
This proposition is strengthened by the fact that "hotels" are listed in C.C.O. 3125.25(d), which lists "Class B Multiple Dwellings" for purposes of the Building Code. The list contained in C.C.O. 3125.25(d) is identical to the list of "Multiple Dwellings, Class B" in C.C.O. 325.51 with two exceptions, viz.,
"hotels" and "motels" are expressly included in C.C.O. 3125.25(d). This leads to the inference that "hotels" were deliberately excluded from C.C.O. 325.51 and, therefore, "hotels" should not be considered multiple dwellings for purposes of the Zoning Code.
Based upon the foregoing, we find that the trial court did not abuse its discretion in reversing the decision of the Board of Zoning Appeals. The Board's decision was clearly illegal and based upon the erroneous classification of the proposed hotel as a multiple dwelling. We find, as a matter of law, that the proposed hotel would not be a multiple dwelling and, therefore, it may be built within 200 feet of the adjoining General Industry District without violating C.C.O. 345.03(b). Accordingly, the City's assignment of error is without merit.
The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. and TIMOTHY E. McMONAGLE, J.CONCUR.
 _________________________________ LEO M. SPELLACY JUDGE
[1] "`A maxim of statutory interpretation meaning that the expression of one thing is the exclusion of another. Burgin v.Forbes [(1943)] 293 Ky. 456, 169 S.W.2d 321, 325; Newblock v.Bowles [(1935)] 170 Okl. 487, 40 P.2d 1097, 1100. Mention of one thing implies exclusion of another. When certain persons or things are specified in a law, contract, or will, an intention to exclude all others from its operation may be inferred. * * *'"Vincent v. Civ. Serv. Comm., Zanesville (1990), 54 Ohio St.3d 30, fn. 2, quoting Black's Law Dictionary (6 Ed. 1990) 581.