Being unable to agree with the majority, I respectfully dissent. The majority found that appellant could not recover treble damages because appellant did not comply with the requirements of R.C. 2307.61(A)(2)(a) through (c) and 2307.61(C), by providing written notice thirty days prior to filing the action. The majority finds that the legislative history of R.C. 2307.61 demonstrates that the legislature intended the notice requirements of R.C. 2307.61(A)(2) apply to civil actions for liquidated damages, including treble damages, as provided in R.C. 2307.61(A)(1)(b), not just to the recovery of administrative costs, court costs and attorney fees.
Appellant contends, and the majority agreed, that, as written, the statute seems to imply that the requirements of R.C. 2307.61(A)(2)(a) through (c) apply only to an owner recovering reasonable administrative costs, court costs and attorney fees. However, the majority then finds the statute ambiguous, concluding that, as written, the result would be illogical since the written notice provision would only apply to an owner recovering administrative costs, court costs and attorney fees, and not to an owner recovering treble damages. The majority finds this result illogical, surmising that, in a situation where the owner would be recovering treble damages, the damages would normally be higher than administrative costs.
The former version of R.C. 2307.61(A)(2) specifically provided in part:
 In any such action in which the value of the property that was damaged or was the subject of the theft offense is less than five thousand dollars, the property owner may recover compensatory damages, as described in division (A)(1) of this section, and additionally may recover exemplary damages equal to one hundred dollars or twice the amount of compensatory damages recovered in the action, whichever is greater, the cost of maintaining the civil action, and reasonable attorney's fees, if all of the following apply:
 (a) The property owner, at least thirty days prior to the filing of the action, served a written demand for payment of the value of that property and of the amount of any other loss sustained * * *[.] [Emphasis added.]
 By contrast, the present version of R.C. 2307.61(A)(2) provides:
 In a civil action in which the value of the property that was willfully damaged or was the subject of a theft offense is less than five thousand dollars, the property owner may recover damages as described in division (A)(1)(a) or (b) of this section and additionally may recover the reasonable administrative costs, if any, of the property owner that were incurred in connection with actions taken pursuant to division (A)(2) of this section, the cost of maintaining the civil action, and reasonable attorney's fees, if all of the following apply:
 (a) The property owner, at least thirty days prior to the filing of the civil action, serves a written demand for payment of moneys as described in division (A)(1)(a) of this section and the reasonable administrative costs, if any, of the property owner that have been incurred in connection with actions taken pursuant to division (A)(2) of this section, upon the person who willfully damaged the property or committed the theft offense. [Emphasis added.]
Thus, in the current version of R.C. 2307.61(A)(2), written notice is only required if the property owner is seeking to recover compensatory damages pursuant to R.C. 2307.61(A)(1)(a) and reasonable administrative costs.
In applying a statute, "[c]ourts do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used." In re Collier (1993), 85 Ohio App.3d 232, 237, citing Wray v. Wymer (1991), 77 Ohio App.3d 122, 132. "In other words, courts may not delete words used or insert words not used." Collier, citing Cline v. Ohio Bur. of Motor Vehicles
(1991), 61 Ohio St.3d 93, 97.
Even if the statute was ambiguous, using the rules of statutory construction, I would still reach a different result than the majority. "Under Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent." Collier, at 237, citingShover v. Cordis Corp. (1991), 61 Ohio St.3d 213, 218, overruled on other grounds, Collins v. Sotka (1998), 81 Ohio St.3d 506. Since the previous version of R.C. 2307.61(A) specifically contained the notice requirement in clear conjunction with exemplary damages and the current statute does not, under rules of statutory construction I would find that the legislature intended to omit the notice requirement as a condition precedent to liquidated damages recovery. " 'The rule of construction is that when a later statute omits words, particularly of limitation, included previously in the law, such omission is meaningful and was done with the full knowledge and approval of its effect.' " Szekely v. Young
(1963), 174 Ohio St. 213, 222 (Herbert, J., dissenting), quoting State v. Barts (1944), 132 N.J. Law, 74, 80. Also, as a general principle, when the legislature mentions one thing in the statute, the exclusion of another is implied. Akron Transp.Co. v. Glander (1951), 155 Ohio St. 471. Thus, the fact that the legislature required the notice to recover administrative costs but not to recover liquidated damages, implies that the exclusion was purposeful.
While the omission of the notice requirement to recover treble damages may well have been a drafting oversight by the legislature, we are bound to apply the law as written. As such, I would sustain appellant's assignment of error.