The STATE of Ohio, Appellee,

v.

DARLING, Appellant.

[Cite as *State v. Darling* (2000), 139 Ohio App.3d 610.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 99CA2477.

Decided Sept. 26, 2000.

*Scott W. Nusbaum,* Ross County Prosecuting Attorney, and *Steven E. Drotleff,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* State Public Defender, and *Daniel L. Silcott,* Assistant Public Defender, for appellant.

———————

DAVID T. EVANS, Judge.

This is an appeal from the judgment of conviction and sentence of the Ross County Court of Common Pleas, which convicted defendant-appellant Glenn Darling, Jr., of possession of an unauthorized device, in violation of R.C. 2913.041, a fifth-degree felony. On appeal, appellant argues that R.C. 2913.041 is unconstitutionally vague and overbroad and that his conviction is against the manifest weight of the evidence. We find that appellant's conduct did not violate R.C. 2913.041, and we reverse the judgment of the trial court.

## STATEMENT OF THE CASE

On May 29, 1998, the Ross County Grand Jury indicted appellant on one count of possession of an unauthorized device, in violation of R .C. 2913.041(A). Appellant pled not guilty to the charge contained in the indictment, and the case proceeded to a bench trial on November 4, 1998.

The parties stipulated that appellant tapped into cable television service by running an ordinary coaxial cable from his television to a cable company utility box outside appellant's home. Appellant was able to connect to the utility box because the lid of the box was broken. Appellant previously had regular subscription cable service, but that service was disconnected approximately two weeks before appellant tapped into the utility box. By tapping into the utility box, appellant received basic cable service without paying for it.

After reviewing the stipulated evidence, the trial court found appellant guilty of possession of an unauthorized device. The trial court sentenced appellant to five years of community control sanctions but stayed execution of the sentence pending appeal.

Appellant filed a timely notice of appeal and presents two assignments of error for our review:

"I. The trial court erred in ruling the O.R.C. Section 2913.041 is not unconstitutionally vague and overbroad.

"II. The verdict was against the manifest weight of the evidence."

If appellant prevails on his nonconstitutional argument, we need not address the constitutionality of R.C. 2913.041. *Greenhills Home Owners Corp. v. Greenhills* (1966), 5 Ohio St.2d 207, 34 O.O.2d 420, 215 N.E.2d 403, paragraph one of the syllabus. As a result, we shall address the assignments of error in reverse order.

## OPINION

### I

In his second assignment of error, appellant incorrectly asserts that his conviction is against the manifest weight of the evidence. Appellant cannot now challenge the weight and credibility of the evidence against him, however, because he stipulated to that evidence in the trial court. However, appellant argues that his actions did not constitute a violation of R.C 2913.041(A), *i.e.*, that the evidence against him is insufficient as a matter of law to support his conviction. We shall give effect to the substance, rather than the form, of appellant's argument, and analyze the second assignment of error as a challenge to the sufficiency of the evidence.

Weight and sufficiency of the evidence are distinct legal concepts that are both qualitatively and quantitatively different. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, paragraph two of the syllabus. In judging the weight of the evidence, a reviewing court essentially acts as a thirteenth juror, considers all of the evidence, and makes its own determination of whether that

evidence weighs in favor of the conviction. *Id.* at 387, 678 N.E.2d at 546. A conviction is supported by sufficient evidence, on the other hand, when the state's evidence, if believed, would lead a reasonable person to conclude that the defendant is guilty beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

■ Appellant was convicted of violating of R.C. 2913.041(A), which provides:

"No person shall knowingly possess any device, including any instrument, apparatus, computer chip, equipment, decoder, descrambler, converter, software, or other device specially adapted, modified, or remanufactured for gaining access to cable television service, without securing authorization from or paying the required compensation to the owner or operator of the system that provides the cable television service." R.C. 2913.041(A).

The statute prohibits possession of certain specifically listed devices, as well as any device "specially adapted, modified, or remanufactured" for gaining unauthorized access to cable television signals. The trial court found that the coaxial cable possessed by appellant was not among the items specifically listed in the statute and that it was not modified or remanufactured. However, the court found that appellant "adapted" the cable by connecting it to the cable utility box, thus violating the statute.

Appellant argues that his possession of the cable did not violate R.C. 2913.041, even though he used the cable to gain unauthorized access to cable television signals. He contends that he did not "adapt" the cable simply by connecting it to the cable utility box. Rather, appellant argues that the term "adapt" implies some sort of physical alteration of the device. He asserts that the General Assembly would have used more specific language if R.C. 2913.041 was intended to apply to any object that is used to gain unauthorized access to cable television signals. Appellant used an ordinary piece of cable that he did not alter in any way, so he argues that he did not violate the statute as a matter of law.

In response, appellee argues that appellant construes the term "adapt" too narrowly. Appellee contends that to "adapt" the cable means to use it for a specific purpose, *i.e.*, to intercept cable signals directly from the cable utility box without authorization. According to appellee's reasoning, an object is "adapted" anytime it is converted from one purpose to another. Thus, appellant "adapted" the cable and violated R.C. 2913.041 when he connected the cable to the utility box without authorization from the cable company.

██ In applying R.C. 2913.041 to the case *sub judice,* we are mindful that statutes "defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.041. In interpreting and applying R.C. 2901.041, our primary concern is to carry out the intent of the General Assembly in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1322–1323. Words and phrases in the statute must "be read in context and construed according to the rules of grammar and common usage." R.C. 1.42. We must look to the language of the statute itself, and we may neither delete words that are used nor add words that are not used. *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77, 80–81.

As the trial court noted, R.C. 2913.041 is poorly drafted. Unfortunately, the statute does not clearly articulate the exact scope of conduct that the General Assembly intended to prohibit. The statute could be read narrowly to apply only to devices that are capable of intercepting and descrambling cable television signals without the knowledge or authorization of the cable company. However, the statute could also be read broadly to apply to any object that is actually used in the theft of cable television signals.

An additional source of confusion with R.C. 2913.041 is the fact that the phrase "for gaining access to cable television service" appears to modify only the phrase "other device specially adapted, modified, or remanufactured." Read in this way, however, the statute would criminalize possession of any computer chip or software without qualification. In actuality, the phrase "for gaining access to cable television service" is the key to determining whether or not a device is prohibited by R.C. 2913.041. In other words, R.C. 2913.041 prohibits possession of "any device * * * for gaining access to cable television service" without authorization from the cable company.

██ Applying R.C. 2913.041 to the facts of the case *sub judice,* we find that appellant's possession of the cable did not violate the statute. A number of factors compel us to reach this conclusion. First, we agree with appellant that the term "adapt" implies that the device must be altered in some way. We are required to interpret R.C. 2913.041 liberally in favor of appellant and strictly against appellee. See R.C. 2901.04. Consistent with this duty, we find that a reasonable person would conclude that to "adapt, modify, or remanufacture" a device means to alter the device in some way, not merely to change the device from one use to another.

The second consideration supporting our conclusion is that the General Assembly could have drafted R.C. 2913.041 to apply to any object that is actually used to intercept cable television signals. For example, R.C. 2923.24, the criminal tools statute, applies broadly to any object that an individual possesses "with

purpose to use [the object] criminally." R.C. 2923.041, on the other hand, was drafted narrowly, indicating that the General Assembly intended to prohibit possession of a more limited range of devices.

Third, regardless of the intended scope of the term "adapt," the cable possessed by appellant is not a device "for gaining access to cable television service." The cable is merely a pathway for transmitting a signal from the cable utility box into appellant's television set. Accessing cable television service requires translating the signal into the pictures and sounds emitted by the television. It seems logical to conclude that R.C. 2913.041 is actually intended to prohibit devices that translate or decode the signal. Admittedly, a length of coaxial cable is necessary for this process. However, an electrical outlet is no less necessary, and it cannot seriously be argued that R.C. 2913.041 could apply to an electrical outlet.

Our final rationale begs the question of whether appellant's television set could be considered a prohibited device under R.C. 2913.041. Appellant stipulated that he was able to receive basic cable television service without paying for it. It is reasonable to infer either that he possessed a cable-compatible television, or that he possessed a cable converter box. However, there are no facts in the record regarding such devices, and the arguments of both parties are limited to the coaxial cable. It would be improper to speculate as to the potential application of R.C. 2913.041 to appellant's television or to a hypothetical converter box.

For the reasons stated above, we find that there is insufficient evidence to sustain appellant's conviction for possession of an unauthorized device. Accordingly, appellant's second assignment of error is sustained.

## II

Appellant's first assignment of error alleges that R.C. 2913.041 is unconstitutionally vague and overbroad. While courts are justifiably hesitant to interfere with the acts of a coequal branch of government, we share the trial court's opinion that R.C. 2913.041 is a poorly drafted statute. Indeed, as Judge Mark P. Painter of the First District Court of Appeals has observed, poor writing is "endemic in what the legislature has the gall to call the *Revised* Code." (Emphasis *sic.*) *State v. Bowen* (2000), 139 Ohio App.3d 41, 742 N.E.2d 1166 (Painter, J., concurring). However, it is a long-standing principle of judicial restraint that courts will not determine the constitutionality of a statute if another issue is dispositive of the merits of the case. See *Greenhills Home Owners Corp., supra.* Accordingly, we will not consider appellant's constitutional argument.

Appellant's first assignment of error is overruled. Appellant's second assignment of error is sustained. The judgment of the Ross County Court of Common Pleas is reversed.

*Judgment reversed.*

KLINE, P.J., and HARSHA, J., concur in judgment only.