OPINION
State Farm Mutual Automobile Insurance Company ("State Farm"), appellant, appeals the March 20, 2000 judgment of the Franklin County Municipal Court granting Renee I. Laws, appellee, summary judgment and ordering State Farm to pay appellee's costs in maintaining the action.
On March 17, 1999, Judith Bloxam and Grange Mutual Casualty Company ("Grange") filed a complaint against appellee in the Franklin County Municipal Court. The complaint averred that, on or about June 4, 1998, appellee was negligent in operating her automobile, thereby causing a collision with Bloxam. Grange paid to or on behalf of Bloxam certain sums pursuant to an insurance policy. Grange averred it was subrogated to such amounts and Bloxam sought payment for her deductible.
Appellee filed an answer and a third-party complaint against State Farm. In her third-party complaint, appellee averred she had an automobile insurance policy with State Farm at the time of the collision. Specifically, appellee averred that on May 15, 1998, her purse and checkbook were stolen. On the advice of her bank, Appellee closed her checking account on May 15, 1998, and re-opened a new one. Appellee' insurance premiums were automatically withdrawn by State Farm from her old account, which Appellee closed prior to the May 1998 automatic withdrawal.
Appellee further averred that on May 23, 1998, she received a notice from State Farm indicating that her insurance would be cancelled in ten days for nonpayment. On June 4, 1998, the collision at issue occurred. Appellee paid the premium on June 5, 1998. Appellee averred that State Farm had refused to provide coverage for the June 4, 1998 collision.
Appellee contended that under R.C. 3937.33, State Farm could not cancel her insurance policy without giving her thirty-days notice and that State Farm cancelled her policy prior to such notice. Appellee demanded judgment against State Farm for her defense costs and for any amounts she would be found obligated to pay to Bloxam and/or Grange in the underlying suit.
On May 20, 1999, State Farm filed an answer to the third-party complaint. State Farm averred it mailed a notice of cancellation to Appellee on May 21, 1998. State Farm further averred that Appellee' insurance policy lapsed at 12:01 a.m. on June 3, 1998, and that Appellee paid the late premium on June 5, 1998. Hence, Appellee was not covered on June 3 or 4, 1998. State Farm contends it properly gave ten-days notice of cancellation to Appellee pursuant to R.C. 3937.32(E).
On August 9, 1999, State Farm filed a motion for judgment on the pleadings and/or a motion to dismiss. State Farm contends R.C. 3937.32(E) requires only ten-days notice prior to cancellation for nonpayment of an insurance premium and that Appellee was given thirteen days notice. Appellee filed a memorandum contra, asserting R.C. 3937.32(E) was open to interpretation given the thirty-day notice requirement set forth in R.C.3937.33 and 3937.32(C). On October 15, 1999, the trial court denied State Farm's motion(s), finding the legislature did not intend R.C.3937.32(E) to be an exception to the thirty-day notice requirement set forth in R.C. 3937.32(C).
On January 13, 2000, Appellee filed a motion for summary judgment. Appellee pointed to the trial court's decision denying State Farm's motion for judgment on the pleadings/motion to dismiss and asserted she was entitled to judgment ordering State Farm pay her costs to date of defending the suit and to assume the defense of Bloxam's and Grange's claims. State Farm filed a memorandum contra and its own motion for summary judgment.
On March 20, 2000, the trial court rendered a decision. In accord with its earlier decision, the trial court found R.C. 3937.32(E) was not an exception to the thirty-day notice requirement contained in R.C.3937.32(C). Thus, the trial court found that the notice of cancellation was not effective until thirty days after such notice, well after the June 4, 1998 collision. Therefore, the insurance policy was in force at the time of the collision.
On March 20, 2000, a judgment entry was journalized ordering State Farm to pay appellee's costs in the action to date and to assume her defense. Pursuant to Civ.R. 54(B), the trial court stated there was no just reason for delay. State Farm has appealed this judgment, asserting the following two assignments of error:
 I. THE TRIAL COURT ERRED IN HOLDING THAT AN INSURER'S NOTICE OF CANCELLATION TO AN INSURED FOR NONPAYMENT OF PREMIUM DOES NOT BECOME EFFECTIVE TEN DAYS AFTER THE MAILING OF THE NOTICE OF CANCELLATION, PURSUANT TO OHIO REVISED CODE § 3937.32(E).
 II. THE TRIAL COURT ERRED IN ORDERING THIRD-PARTY DEFENDANT TO PAY DEFENDANT'S COSTS OF THE DEFENSE OF THE ACTION TO DATE, AS SAID ORDER IS CONTRARY TO OHIO REVISED CODE § 2721.16(A) AS AMENDED SEPTEMBER 24, 1998.
State Farm's first assignment of error relates to the trial court's entry of summary judgment against it. Summary judgment is appropriate when, construing the evidence most strongly in favor of the non-moving party: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. See Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35.
The facts of the present case are not in dispute. The issue before us involves solely a question of law. Specifically, the issue centers on an interpretation of R.C. 3937.32, which states:
 No cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation. Such notice shall contain:
(A) The policy number;
(B) The date of the notice;
 (C) The effective date of cancellation of the policy, which shall not be earlier than thirty days following the date of the notice;
 (D) An explanation of the reason for cancellation and the information upon which it is based, or a statement that such explanation will be furnished to the insured in writing within five days after receipt of his written request therefor to the insurer;
 (E) Where cancellation is for nonpayment of premium at least ten days notice from the date of mailing of cancellation accompanied by the reason therefore [therefor] shall be given[.] (Emphasis added.)
State Farm contends R.C. 3937.32(E) constitutes an exception to the thirty-day notice requirement set forth in R.C. 3937.32(C) and that if the reason for cancellation is nonpayment of premium, only ten-days notice is required. Appellee asserts that R.C. 3937.32(E) is merely a notice provision and does not change the effective date of the cancellation, which cannot be less than thirty days after the notice. Appellee contends R.C. 3937.32(E) provides the insured ten days in which to pay the premium to continue coverage and that if such premium is not paid within ten days, the insurer may refuse late payment and the policy is therefore cancelled effective thirty days after the notice of cancellation. Thus, the issue before this court is whether R.C. 3937.32(E) provides an exception to the thirty-day notice requirement set forth in R.C. 3937.32(C) when the reason for cancellation is nonpayment of premium.
In interpreting a statute, the words must be taken in their usual, normal or customary meaning. State v. S.R. (1992), 63 Ohio St.3d 590,595. The duty of the courts is to give effect to the words used in the statute, not to insert words that are not used. Id. If an inquiry into the language of the statute reveals a meaning which is clear, unequivocal and definite, the interpretative effort is at an end, and the statute must be applied accordingly. Shover v. Cordis Corp. (1991),61 Ohio St.3d 213, 218, overruled on other grounds in Collins v. Sotka
(1998), 81 Ohio St.3d 506. However, where the statute is found to be subject to various interpretations, a court may invoke rules of statutory construction in order to arrive at legislative intent. Cline v. OhioBur. of Motor Vehicles (1991), 61 Ohio St.3d 93, 97.
As to the issue before this court, we find R.C. 3937.32 is reasonably subject to only one interpretation. That is, that R.C. 3937.32(E) is an exception to the thirty-day notice period set forth in R.C. 3937.32(C). Other courts have addressed this precise issue and have also concluded that R.C. 3937.32(E) only requires a ten-day notice prior to the effective date of cancellation. See Szczepanski v. State Farm Mut.Auto. Ins. Co. (Jan. 19, 1989), Cuyahoga App. No. 54963, unreported; Knottv. State Auto Mut. Ins. Co. (Dec. 7, 1992), Warren App. No. CA92-04-030, unreported; Hosler v. Clayton (May 1, 1992), Wood App. No. 91WD110, unreported; see, generally, Hoskins v. State Farm Mut. Auto. Ins. Co.
(1986), 26 Ohio St.3d 87, 90 (Celebrezze C.J., concurring in part and dissenting in part). The analysis in these cases comports with the rule of statutory construction that the more specific controls over the general. See State ex rel. Janes v. Brown (1925), 112 Ohio St. 590. R.C. 3937.32(C) is a general provision applying to cancellation for a variety of reasons. R.C. 3937.32(E) specifically applies to cancellations for nonpayment of premiums; thus, R.C. 3937.32(E) controls.
In addition, other courts have also unequivocally stated, without any analysis of the issue, that R.C. 3937.32(E) requires a ten-day notice prior to the effective date of cancellation. See Clarke v. Smith (1997),117 Ohio App.3d 337; Love v. Motorists Mut. Ins. Co. (1993),86 Ohio App.3d 394, 400-402, motion to certify overruled (1993),66 Ohio St.3d 1497; Bauer v. Grange Mut. Cas. Co. (1986),33 Ohio App.3d 145, 148; Shreve v. Leader Natl. Ins. Co. (June 30, 1983), Clermont App. No. 83-02-016, unreported; Gast v. West AmericanIns. Co. (June 25, 1980), Hamilton App. No. C-790357, unreported.
We also note that this court has before upheld a cancellation date that was effective thirteen days after the mailing of the notice of cancellation in Casto v. State Farm Mut. Auto. Ins. Co. (1991),72 Ohio App.3d 410. In Casto, State Farm mailed the insured a notice of cancellation on October 16, 1987, indicating that her policy would be cancelled on October 29, 1987, if she did not pay her premium by that time. Although the insured mailed the envelope containing the premium payment, she did not affix the proper postage. The insured was involved in a car accident on November 20, 1987, and the envelope containing the payment was subsequently returned to the insured due to insufficient postage. Although we did not address the issue at bar in the present case, we found that the policy was not in force at the time of the accident. Even though the accident in Casto occurred well after a thirty-day notice would have been applicable, the language of our decision implied that we contemplated that a ten-day notice was sufficient, stating:
 Whether or not the statute requires actual receipt, plaintiff does not show error under the facts of this case. Plaintiff admits that she was aware that the policy would be cancelled more than ten days before the effective cancellation date. Since plaintiff was aware of the facts contained in the cancellation notice, receipt is unnecessary in this case even if it is otherwise required by the statute. Id. at 416. (Emphasis added.)
We also believe that our determination in the present case is not in conflict with the policy surrounding R.C. 3937.30 et seq. Although it is the public policy of this state to ensure that all motorists maintain some form of liability coverage on motor vehicles operated within Ohio,Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, 250, it would strain such policy to find that the legislature envisioned giving insureds thirty days of coverage au gratis after failing to pay their premium. Therefore, the legislature could have reasonably distinguished between a termination due to nonpayment of premium, which requires only ten-days notice, and the other reasons for termination, which require thirty-days notice.
In summary, given the language contained in R.C. 3937.32(E) and the bevy of cases interpreting subsection (E) as we have in the present case, we find that subsection (E) provides an exception to the thirty-day notice provision set forth in R.C. 3937.32(C). State Farm properly provided appellee with at least ten-days notice following the date of the notice of cancellation prior to canceling her insurance policy in conformance with R.C. 3937.32(E). State Farm mailed the notice to appellee on May 21, 1998 and, thus, appellee's insurance was not in effect on June 4, 1998, the date of the automobile collision. Therefore, summary judgment in favor of appellee was inappropriate. Accordingly, State Farm's first assignment of error is sustained.
In its second assignment of error, State Farm contends that the trial court erred in ordering it to pay appellee's costs to date, specifically, appellee's attorney fees. Given our determination of State Farm's first assignment of error, State Farm did not wrongfully refuse to defend appellee in the underlying action brought against appellee by Bloxam and Grange, and an award of attorney fees was inappropriate. See, also1, R.C. 2721.16; 2721.09; Motorists Mutual v. Trainor (1973),33 Ohio St.2d 41. Thus, State Farm's second assignment of error is also sustained.
Accordingly, State Farm's two assignments of error are sustained, and the judgment of the Franklin County Municipal Court is reversed and this case is remanded to that court for proceedings consistent with this opinion.
 _________________ BROWN, J.
GEORGE, J., concurs. TYACK, J., dissents.
GEORGE, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.