DECISION AND JUDGMENT ENTRY
{¶ 1} Michael Prater appeals his two operating a vehicle (bicycle) while under the influence ("OVI") convictions in the Adams County Common Pleas Court. On appeal, Prater contends that the trial court erred when it denied his motion to dismiss because "R.C. 4511.52 renders R.C.4511.19 inapplicable to bicycles[.]" He claims that R.C. 4511.52 is ambiguous, and thus, we must construe it in his favor and against the State. Because we find that the language of R.C. 4511.52 is plain and unambiguous and conveys a clear and definite meaning, we disagree. Accordingly, we overrule Prater's sole assignment of error and affirm the judgment of the trial court.
 I. *Page 2 {¶ 2} An Adams County Grand Jury indicted Prater on two counts of OVI in violation of R.C. 4511.19(A)(1)(a). The offenses occurred several weeks apart, and each time involved Prater riding his bicycle on a street while intoxicated. Prater entered not guilty pleas. He filed a motion to dismiss contending that R.C. 4511.52 renders R.C. 4511.19
inapplicable to bicycles. The trial court overruled his motion to dismiss. Eventually, Prater entered a no contest plea. The court found him guilty as charged and sentenced him accordingly.
 {¶ 3} Prater appeals his two OVI convictions and asserts the following assignment of error: "The trial court erred by failing to strictly construe R.C. 4511.52 against the State, in light of the ambiguity regarding the applicability of that statute to violations of R.C.4511.19 involving operating a bicycle under the influence of alcohol."
 II. {¶ 4} Prater contends in his sole assignment of error that the trial court erred when it denied his motion to dismiss. He asserts "that R.C.4511.52 renders R.C. 4511.19 inapplicable to bicycles." He maintains that R.C. 4511.52 is ambiguous, and thus, we must construe R.C. 4511.52
in his favor and against the state. We undertake a de novo review to answer this legal question. See, e.g., Yazdani-lsfehani v.Yazdani-lsfehani, 170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 20.
 {¶ 5} A court starts its analysis of a statute by applying the legislative intent as manifested in the statute's words. Proctor v.Kardassilaris, 115 Ohio St.3d 71, 2007-Ohio-4838, ¶ 12. "In construing the terms of a particular statute, words *Page 3 
must be given their usual, normal, and/or customary meanings." Id. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory construction. Id. See, also, Cline v. Ohio Bur. of Motor Vehicles
(1991), 61 Ohio St.3d 93, 96; Sears v. Weimer (1944), 143 Ohio St. 312, paragraph five of the syllabus. However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction to arrive at legislative intent. R.C. 1.49; Cline, supra; Carter v. Youngstown
(1946), 146 Ohio St. 203, paragraph one of the syllabus. Sections of the Revised Code defining offenses are to be strictly construed against the state and liberally in favor of the accused. R.C. 2901.04.
 {¶ 6} R.C. 4511.52 provides,
 (A) Sections 4511.01 to 4511.78, 4511.99, and 4513.01 to 4513.37 of the Revised Code that are applicable to bicycles apply whenever a bicycle is operated upon any highway or upon any path set aside for the exclusive use of bicycles.
 (B) Except as provided in division (D) of this section, a bicycle operator who violates any section of the Revised Code described in division (A) of this section that is applicable to bicycles may be issued a ticket, citation, or summons by a law enforcement officer for the violation in the same manner as the operator of a motor vehicle would be cited for the same violation. A person who commits any such violation while operating a bicycle shall not have any points assessed against the person's driver's license, commercial driver's license, temporary instruction permit, or probationary license under section 4510.036 of the Revised Code.
 (C) Except as provided in division (D) of this section, in the case of a violation of any section of the Revised Code described in division (A) of this section by a bicycle operator or by a motor vehicle operator when the trier of fact finds that the violation by the motor vehicle operator endangered the lives of bicycle riders at the time of the violation, the court, notwithstanding any provision of the *Page 4 
Revised Code to the contrary, may require the bicycle operator or motor vehicle operator to take and successfully complete a bicycling skills course approved by the court in addition to or in lieu of any penalty otherwise prescribed by the Revised Code for that violation.
 (D) Divisions (B) and (C) of this section do not apply to violations of section 4511.19 of the Revised Code.
 {¶ 7} Here, the state charged Prater with violating R.C.4511.19(A)(1)(a) on two separate occasions. The plain words of R.C.4511.52(D) provides that R.C. 4511.52(B) and (C) do not apply to Prater's violations. By implication, R.C. 4511.52(A) does apply. Therefore, under R.C. 4511.52(A), we must first determine if R.C.4511.19 is "applicable to bicycles[.]"
 {¶ 8} R.C. 4511.19(A)(1)(a) provides, "No person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." R.C. 4511.01(A) defines vehicle as "every device * * * by which any person or property may be transported or drawn upon a highway, except that "vehicle" does not include * * * any device, other than a bicycle, that is moved by human power." Therefore, a bicycle is a "vehicle" as defined by the clear and unambiguous language of the statute. Consequently, we find that R.C. 4511.19 applies to the operation of a bicycle.
 {¶ 9} However, pursuant to the plain language of R.C. 4511.52(A), R.C.4511.19 is only applicable to bicycles "whenever a bicycle is operated upon any highway or upon any path set aside for the exclusive use of bicycles." As such, if a person does not operate a bicycle on a highway or upon a path set aside for the exclusive use of bicycles, then R.C.4511.19 is not applicable. *Page 5 
 {¶ 10} Here, Prater does not deny that he operated a bicycle under the influence of alcohol upon a street. "Street" has the same definition as "highway." R.C. 4511.01(BB).
 {¶ 11} Therefore, we find that the language of R.C. 4511.52 is plain and unambiguous and conveys a clear and definite meaning.[1] We find that R.C. 4511.52 does apply to a R.C. 4511.19 violation and that Prater is twice guilty of the same. Consequently, we do not need to apply the rules of statutory construction contained in R.C. 1.49.
 {¶ 12} Accordingly, we overrule Prater's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and that Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.
[1] We note that other courts have applied R.C. 4511.52 to R.C.4511.19 without addressing the "ambiguous" issue raised in this case. See, e.g., State v. Wahl, Licking App. No. 02CA64, 2003-Ohio-849, ¶ 8. *Page 1