[Cite as *Cameron v. Univ. of Toledo*, 2014-Ohio-5587.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Kyle Cameron

Appellant

v.

University of Toledo, et al.

Appellees

Court of Appeals No. L-13-1284

Trial Court No. CI0201303385

**DECISION AND JUDGMENT**

Decided: December 19, 2014

* * * * *

Guy T. Barone and Eric Allen Marks, for appellant.

Mike DeWine, Ohio Attorney General, and Jeffrey S. Greenley,
Assistant Attorney General, for appellees.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

{¶ 1} Appellant, Kyle Cameron, appeals from the judgment of the Lucas County

Court of Common Pleas, which dismissed for lack of jurisdiction his complaint alleging

violation of Ohio's anti-hazing statute, R.C. 2307.44.  We affirm.

{¶ 2} Appellant was recruited as a scholarship football player to the University of Toledo.  However, during the summer before his freshman year, appellant was injured in an alleged hazing incident involving some of the team's older players.  As a result of his injury, appellant's athletic career ended.

{¶ 3} On June 21, 2013, appellant filed a complaint in the Lucas County Court of Common Pleas against appellees, the University of Toledo, Tim Beckman, and several other university employees.  The complaint presented one count of a violation of R.C. 2307.44 and one count of negligence.  Appellant requested compensatory and punitive damages, that appellees not retaliate against him, and that his scholarship not be revoked. Appellees responded by moving to dismiss the complaint pursuant to Civ.R. 12(B)(1), arguing that the court of claims had exclusive jurisdiction over appellant's action.  On November 19, 2013, the trial court entered its judgment granting appellees' motion to dismiss.

{¶ 4} Appellant has timely appealed the November 19, 2013 judgment, asserting one assignment of error for our review:

> 1.  THE LOWER COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS PURSUANT TO CIV.R. 12(B)(1).

## II.  Analysis

{¶ 5} We review trial court judgments regarding Civ.R. 12(B)(1) motions to dismiss for lack of subject-matter jurisdiction de novo.  *Dargart v. Ohio Dept. of Transp.*, 171 Ohio App.3d 439, 2006-Ohio-6179, 871 N.E.2d 608, ¶ 12 (6th Dist.).  The standard

2.

for dismissal pursuant to Civ.R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).

{¶ 6} At issue in this appeal is the interplay between R.C. Chapter 2743, the Court of Claims Act, and R.C. 2307.44, the anti-hazing statute.

{¶ 7} Under the Court of Claims Act, the state waived its immunity from liability, and subjected itself to being sued in accordance with the same rules of law applicable to suits between private parties. R.C. 2743.02(A)(1). The court of claims was created to have exclusive, original jurisdiction over such actions against the state. R.C. 2743.03(A)(1).

{¶ 8} Initially, we note that the parties do not contest that this is a civil action for money damages, that the action against the university is an action against the state, or that the individuals who are defendants are officers or employees of the state. In attempting to bring this action for hazing against appellees in the Lucas County Court of Common Pleas, appellant argues that the court of claims' exclusive jurisdiction over monetary actions against the state does not apply because R.C. 2307.44 provides for a finding of liability against the university "notwithstanding Chapter 2743. of the Revised Code."

{¶ 9} In its entirety, R.C. 2307.44 states,

Any person who is subjected to hazing, as defined in division (A) of section 2903.31 of the Revised Code, may commence a civil action for injury or damages, including mental and physical pain and suffering, that

3.

result from the hazing. The action may be brought against any participants in the hazing, any organization whose local or national directors, trustees, or officers authorized, requested, commanded, or tolerated the hazing, and any local or national director, trustee, or officer of the organization who authorized, requested, commanded, or tolerated the hazing. If the hazing involves students in a primary, secondary, or post-secondary school, university, college, or any other educational institution, an action may also be brought against any administrator, employee, or faculty member of the school, university, college, or other educational institution who knew or reasonably should have known of the hazing and who did not make reasonable attempts to prevent it and against the school, university, college, or other educational institution. If an administrator, employee, or faculty member is found liable in a civil action for hazing, *then notwithstanding Chapter 2743. of the Revised Code*, the school, university, college, or other educational institution that employed the administrator, employee, or faculty member may also be held liable.

The negligence or consent of the plaintiff or any assumption of the risk by the plaintiff is not a defense to an action brought pursuant to this section. In an action against a school, university, college, or other

educational institution, it is an affirmative defense that the school, university, college, or other institution was actively enforcing a policy against hazing at the time the cause of action arose.  (Emphasis added.)

{¶ 10} Appellant argues that the language of the statute demonstrates the legislature's clear intent to treat all perpetrators of hazing the same, and that the inclusion of the phrase "notwithstanding Chapter 2743. of the Revised Code" indicates that the appropriate forum for pursuing these claims is the court of common pleas.

{¶ 11} Appellees, on the other hand, argue first that the phrase referencing R.C. Chapter 2743 need not be interpreted because it is only triggered when an administrator, employee, or faculty member is found liable, and no person has yet been found liable here.  Alternatively, appellees argue that, if it must be interpreted, the phrase merely provides an additional mechanism for holding the institution liable; the phrase has no bearing on whether the court of claims is the appropriate forum to litigate the claim.

{¶ 12} Resolution of this issue requires us to interpret the language of R.C. 2703.44.  "The primary rule in statutory construction is to give effect to the legislature's intention."  *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991).  "In determining intent, it is the duty of the court to give effect to the words used, not to delete words used or insert words not used."  *Id.*  "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to

apply rules of statutory interpretation." *Id.* at 96. "However, where a statute is found to be subject to various interpretations, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at legislative intent." *Id.*

{¶ 13} A straightforward reading of R.C. 2307.44 reveals that the "notwithstanding Chapter 2743. of the Revised Code" language is conditioned upon a finding that the administrator, employee, or faculty member is found liable in a civil action. However, as state employees, the individual defendants here are entitled to personal immunity under R.C. 9.86, and thus cannot be found liable "unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 9.86. The determination of whether an employee's actions were manifestly outside the scope or were done with malicious purpose, in bad faith, or in a wanton or reckless manner is within the exclusive jurisdiction of the court of claims pursuant to R.C. 2743.02(F), which provides:

> A civil action against an officer or employee, * * * that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially,

6.

whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

Notably, the anti-hazing statute is silent on the issue of immunity and R.C. 9.86. Therefore, because the "notwithstanding" language is activated only after it is found that the administrator, employee, or faculty member is liable, R.C. Chapter 2743 must be applied to the process of determining that liability. Specifically, R.C. 2743.02(F) requires that the claim initially be filed in the court of claims for a determination regarding the employee's entitlement to personal immunity.

{¶ 14} Alternatively, a claimant could allege that the administrator, employee, or faculty member was acting within the scope of his or her employment responsibilities while engaged in activity that would incur liability under the anti-hazing statute. In this scenario, however, the "notwithstanding" language again would not be triggered because the employee would not be found liable. First, the employee would be entitled to personal immunity under R.C. 9.86. Second, any cause of action against the employee would be waived by the initiation of the suit against the state. *See* R.C. 2743.02(A)(1) ("[F]iling a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee * * *. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or

7.

reckless manner."). Therefore, absent the application of the "notwithstanding" language in R.C. 2307.44, the matter must proceed in the court of claims, which has exclusive jurisdiction over all civil actions against the state. R.C. 2743.03.

{¶ 15} Here, the complaint alleges both that the individual defendants were acting within the course and scope of their employment, and that their conduct was "intentional, negligent, willful, wanton and reckless." In either event, as described above, the initial determination of whether the individual defendants are entitled to personal immunity must be made in the court of claims. However, appellant did not file in the court of claims, and, consequently, the court of claims did not make a determination regarding whether the individual defendants are entitled to personal immunity. Moreover, there has been no determination that any of the individual defendants are liable. Therefore, the "notwithstanding" language in R.C. 2307.44 has not been triggered, and the court of common pleas lacks jurisdiction over the complaint.[1]

{¶ 16} Accordingly, appellant's assignment of error is not well-taken.

---

[1] Although our decision rests on the unambiguous terms of R.C. 2307.44, we also find that it is consistent with the principle that "[a] major purpose of the Court of Claims Act was to centralize the filing and adjudication of all claims against the state. * * * [T]he exceptions to its exclusive jurisdiction should be strict and narrow." *Friedman v. Johnson*, 18 Ohio St.3d 85, 87-88, 480 N.E.2d 82 (1985).

8.

### III. Conclusion

{¶ 17} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.              _____

                                                  JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.    _____

CONCUR.                                      JUDGE

_____

                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.