Matter of Endara-Caicedo v New York State Dept. of Motor Vehs. (2020 NY Slip Op 01018)





Matter of Endara-Caicedo v New York State Dept. of Motor Vehs.


2020 NY Slip Op 01018


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11020 250444/17

[*1] In re Pedro Endara-Caicedo, Petitioner-Appellant,
v
New York State Department of Motor Vehicles, et al., Respondents-Respondents.


Robert S. Dean, Center for Appellate Litigation, New York (Marika Meis of counsel), for appellant.
Letitia James, Attorney General, New York (Philip J. Levitz of counsel), for respondents.



Judgment, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about January 22, 2019, denying the petition to annul the determination of respondent New York State Department of Motor Vehicles, dated February 28, 2017, which, after a hearing, revoked petitioner's license to drive for at least one year and imposed a $500 civil penalty, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
We hold that Vehicle and Traffic Law § 1194(2) permits the refusal of a motorist arrested for operating a motor vehicle while under the influence of alcohol or drugs to submit to a chemical test to be used against the motorist in administrative license revocation hearings even if the chemical test is offered, and the refusal occurs, more than two hours after the motorist's arrest. This interpretation of the statute is supported by its legislative history, which indicates that the two-hour time limitation in Vehicle and Traffic Law § 1194(2)(a)(1) was confined to the admissibility of the chemical test results (or the chemical test refusal) in a criminal action against the motorist and kept separate from the deemed consent and license revocation provisions (see Vehicle and Traffic Law § 1194[2][a], [c]) until 1970, when the Legislature merely "redrafted the piecemeal revisions of" the Vehicle and Traffic Law from the preceding decades (Josephine Y. King & Mark Tipperman, The Offense of Driving while Intoxicated: The Development of Statutory and Case Law in New York, 3 Hofstra L Rev 541, 577 [1975], available at https://perma.cc/4PXK-7TYT [cached Jan. 8, 2020]; see L 1970, ch 275); the recent opinions of four Judges of the Court of Appeals (see People v Odum, 31 NY3d 344, 354 [2018, Wilson, J., concurring]; id. at 356, 359 [DiFiore, Ch. J., dissenting]); the longstanding public policy of this State, and this Nation, to discourage drunk driving in the strongest possible terms (see e.g. Birchfield v North Dakota, __ US __, 136 S Ct 2160 [2016]; People v Washington, 23 NY3d 228, 231 [2014]; People v Ward, 307 NY 73, 76-77 [1954]); and the same conclusions reached by courts of sister states that have similar statutory regimes (see Motor Veh. Admin. v Jones, 380 Md 164, 179, 844 A2d 388, 397 [2004]; Cline v Ohio Bur. of Motor Vehs., 61 Ohio St 3d
93, 99, 573 NE2d 77, 82 [1991]; see also Stumpf v Colorado Dept. of Revenue, Motor Veh. Div., 231 P3d 1 [Colo App 2009], cert denied 2010 WL 1948672, 2010 Colo LEXIS 378 [Colo 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK